393 A.2d 889

## COMMONWEALTH of Pennsylvania

v.

### Daniel SHORE, Appellant.

Superior Court of Pennsylvania.

Argued June 19, 1978.

Decided Oct. 20, 1978.

Robert F. Pappano, Chester, for appellant.

Robert M. DiOrio, Assistant District Attorney, Media, submitted a brief for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PER CURIAM:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Delaware County by the defendant-appellant, Daniel Shore, after conviction in a non-jury trial of the charge of altering or obliterating marks of identification on a firearm. 18 Pa.C.S.A. § 6117. The defendant was fined $100 and sentenced to a term of 11 and ½ to 23 months in prison as the result of the conviction.

The defendant challenges the sufficiency of the evidence. On November 24, 1976, the defendant was arrested in a shop in Marcus Hook, Pennsylvania. The police had gone to the shop with an arrest warrant for the defendant on an unrelated charge. When they arrived the defendant was talking on the telephone. When he saw the police he handed a pistol to another person who was behind the counter. Upon

examination of the weapon, it was discovered that the serial numbers had been altered or obliterated.

The Pennsylvania Crimes Code, 18 Pa.C.S.A. § 6117, provides:

"(a) Offense defined.—No person shall change, alter, remove, or obliterate the name of the maker, model, manufacturer's number, or other mark of identification on any firearm.

"(b) Presumption.—Possession of any firearm, upon which any such mark shall have been changed, altered, removed, or obliterated, shall be prima facie evidence that the possessor had changed, altered, removed, or obliterated the same." 1972, Dec. 6, P.L. 1482, No. 334, § 1, eff. June 6, 1973.

The defendant argues that the Crimes Code makes it a crime to "alter, remove, etc." such a number but does not make it a crime to possess such a weapon and therefore the Commonwealth did not prove its case when it presented the above testimony. He argues that the Commonwealth should have had to prove that the defendant was the one who altered the serial number by eyewitness testimony to that effect. With this we cannot agree.

In *People v. Cannon,* 18 Ill.App.3d 781, 310 N.E.2d 673 (1974), the Illinois court upheld defendant's conviction on a charge of altering or obliterating a gun's serial number purely on the basis of defendant's possession of a firearm with the marks of identification obliterated. In that case the court relied on the presumption that the possessor of the firearm was also the maker of the alteration.

In the instant case, the court below in its verdict indicated that it did not rely on the presumption but relied upon the fact that the defendant had possession of the altered weapon and attempted to get rid of it when he saw the approaching police, so indicating by inference the guilty knowledge of its altered condition. This reasoning leads to a logical conclusion but it is strengthened by the addition of the presumption provided in the act itself. We find that the defendant's possession of the altered weapon, his attempt to get rid of it

when he saw the police and the presumption justify the inference that the defendant altered the identification marks on the weapon. There was sufficient evidence to support the verdict.

Judgment of sentence affirmed.

SPAETH, J., concurs in the result.

HOFFMAN, J., did not participate in the consideration or decision of this case.