397 A.2d 408

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**George David MASON.**

Supreme Court of Pennsylvania.

Submitted Nov. 17, 1978.

Decided Jan. 24, 1979.

410

D. Michael Emuryan, Asst. Dist. Atty., for appellant.

Michael R. Sweeney, Media, for appellee.

Before EAGEN, C. J., and ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellee George David Mason was arrested and brought to trial on several charges, including alteration of a firearm in violation of section 6117 of the Pennsylvania Crimes Code, 18 Pa.C.S.A. § 6117. After the Commonwealth presented its case to the jury, the trial court sustained appellee's demurrer to all charges. The court held, with respect to the alteration charge, that the Commonwealth had not introduced evidence on each element of the offense sufficient to prove appellee's guilt beyond a reasonable doubt under section 6117 and, alternatively, that the "presumption" of section 6117(b) is arbitrary and therefore violates due process. The Commonwealth appeals only the demurrer to the alteration charge.[1] We affirm the demurrer on the ground that insufficient evidence was introduced to establish beyond a reasonable doubt that the defendant violated section 6117 of the Crimes Code. In light of our holding, we do not address the constitutionality of the presumption. *Mt. Lebanon v. County Bd. of Elections*, 470 Pa. 317, 322, 368 A.2d 648, 650 (1977).

The parties have submitted an agreed statement of record. See Pa.R.A.P. 1924. They agree that on November 17, 1976,

1. We hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(9), 17 P.S. § 211.202(9) (Supp.1978). The Attorney General was given notice of the decision holding § 6117(b) unconstitutional, see Pa.R.Civ.P. 235(a), but has chosen not to appear.

appellee, then a police officer with the Nether Providence Police Department of Delaware County, sold to a United States Treasury Department undercover agent a .32 caliber revolver. At the time of the sale, appellee noted that the gun's serial numbers had been removed. The Commonwealth's evidence established that the gun had been manufactured in the 1930s or 1940s. The Commonwealth's expert witness testified that he could not determine when the gun's serial numbers had been obliterated.

To establish its case, the Commonwealth relies on the "presumption" in section 6117(b) of the Crimes Code. Section 6117 of the Crimes Code provides:

"Altering or obliterating marks of identification.

(a) Offense defined.—No person shall change, alter, remove, or obliterate the name of the maker, model, manufacturer's number, or other mark of identification on any firearm.

(b) Presumption.—Possession of any firearm, upon which any such mark shall have been changed, altered, removed, or obliterated, shall be prima facie evidence that the possessor has changed, altered, removed, or obliterated the same."

The Commonwealth properly notes that the use of the term "presumption" in section 6117(b) does not settle its intended legal effect. The Model Penal Code provides that statutory presumptions establishing crimes or elements of a crime, create inferences, not rebuttable presumptions: [2]

"[W]hen there is evidence of the facts which give rise to the presumption, the issue of the existence of the pre-

**2.** "A rebuttable presumption is a means by which a rule of substantive law is invoked to force the trier of fact to reach a given conclusion, once the facts constituting its hypothesis are established, absent contrary evidence. An inference is no more than a logical tool enabling the trier of fact to proceed from one fact to another, if the trier believes that the weight of the evidence and the more experiential accuracy of the inference warrant so doing. . . . Moreover, an inference does not shift the burden of persuasion or relieve the Commonwealth of the burden of proving every essential element of the alleged offense beyond a reasonable doubt." *Com-*

sumed fact must be submitted to the jury, unless the Court is satisfied that the evidence as a whole clearly negatives the presumed fact. . . ." American Law Institute, Model Penal Code § 1.12. Accord, 9 Wigmore § 2513 (3d ed. 1940); McCormick, Evidence (2d ed. 1972) § 346 ("Both the right of the defendant to trial by jury and his right to have the prosecution prove each element of the offense beyond a reasonable doubt are constitutionally protected. A rule that shifted the burden of producing evidence with regard to an element so as to require the jury to find against the defendant in the absence of rebutting evidence or that required that the defendant persuade the jury of the non-existence of such an element would violate both these rights"); F.R.Ev. 303(b) (Proposed). We have held that, "virtually all so-called 'criminal presumptions' are really no more than permissible inferences." *Commonwealth v. DiFrancesco*, 458 Pa. 188, 193, 329 A.2d 204, 208 (1974). We adopt the position argued by the Commonwealth that § 6117(b) creates a permissible inference.

To avoid a demurrer in a criminal prosecution, the Commonwealth must come forward with evidence which establishes beyond a reasonable doubt each element of the crime charged. *Commonwealth v. Turner*, 456 Pa. 116, 317 A.2d 298 (1974); *Commonwealth v. Shaffer*, 447 Pa. 91, 288 A.2d 727 (1972). There is no dispute that the Commonwealth established that the defendant on November 17, 1976, was in possession of a firearm with an obliterated serial number. Possession of a firearm with an obliterated serial number, however, is not the crime. Rather, under § 6117(a), the offense is "obliteration." To avoid a demurrer on the facts of this case, the "presumed" or inferred fact of obliteration must follow beyond a reasonable doubt from possession.

In *Shaffer*, this Court considered a due process attack upon an inference that one in possession of stolen

monwealth v. Shaffer, 447 Pa. 91, 105–06, 288 A.2d 727, 735–36 (1972) (citations omitted).

property is the thief of that property. This Court analyzed whether the inferred fact of theft "more likely than not" follows from possession of stolen goods. The Court looked to,

"the lapse of time between the crime [of theft] and the discovery of the property; the type and kind of property; the amount and volume of the property; and the ease [with] which it may be assimilated into trade channels."

Id., 447 Pa. at 109, 288 A.2d at 737. While here we must assess a statutory inference against the "reasonable doubt" standard, the *Shaffer* criteria are equally apposite. Both analyses examine the likelihood that presumed facts flow from established facts; the sole difference is that on the "reasonable doubt" standard, the likelihood must be greater than on the due process "more-likely-than-not" standard.

On this test, it cannot be concluded that 18 Pa.C.S.A. § 6117(b) establishes the Commonwealth's case. No evidence was introduced indicating when the crime of obliteration occurred. Nor was evidence presented establishing when or the circumstances in which appellee came into possession of the firearm. The Commonwealth presented no evidence that appellee had the technical capacity to effect the crime with which he was charged. Indeed, the Commonwealth's expert witness testified that obliteration may have occurred over forty-five years ago. In these circumstances it is at least as reasonable to suppose that appellee, a law enforcement official, in the course of his official duties came upon and acquired the weapon in an already altered condition as it is to conclude appellee obliterated the serial numbers after he came into possession. As the trial court observed, "to apply subsection (b) of § 6117 under the facts of this case would be to allow an arbitrary and tenuous inference be drawn without indicia of validity in logic or reason or experience."

Order of the court of common pleas affirmed.

O'BRIEN, J., and Former Justice POMEROY, did not participate in the decision of this case.