444 A.2d 127

**COMMONWEALTH of Pennsylvania**

v.

**Zachary L. RICKETTS, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 11, 1980.

Filed April 12, 1982.

Petition for Allowance of Appeal Granted Aug. 6, 1982.

468

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, HOFFMAN and VAN der VOORT, JJ.

WICKERSHAM, Judge:

Zachary L. Ricketts was convicted of having altered or obliterated marks of identification. 18 Pa.C.S. § 6117 provides as follows:

§ 6117. Altering or obliterating marks of identification

(a) Offense defined.—No person shall change, alter, remove, or obliterate the name of the maker, model, manufacturer's number, or other mark of identification on any firearm.

(b) Presumption.—Possession of any firearm, upon which any such mark shall have been changed, altered, removed, or obliterated, shall be prima facie evidence that the possessor has changed, altered, removed, or obliterated the same.

Act of December 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973.

Following his Philadelphia County Municipal Court trial, non-jury, he was sentenced to pay court costs of $50.00 and $10.00 to the Victim's Compensation Fund.

Following his conviction, Zachary Ricketts filed a petition for writ of certiorari which petition was denied and this appeal followed.[1]

The underlying facts of this case were set forth accurately by the Honorable Charles L. Durham in his opinion under date of February 20, 1980 in which he held that the municipal court judge did not err in finding the defendant guilty as charged and accordingly held that defendant's petition for writ of certiorari was properly denied.

---

1. In this appeal, two questions are raised:

1. Did not the trial court err in convicting appellant of violating 18 Pa.C.S. § 6117, by virtue of appellant's innocent possession of a gun which bore a partially obliterated serial number, in the absence of evidence that appellant obliterated the serial number or was even aware that the number had been altered?

2. Even assuming that appellant's mere possession of the gun justifiably leads to the conclusion that he obliterated the serial number, is not the evidence insufficient as a matter of law to sustain a conviction where the Commonwealth failed to establish that the gun was operable and therefore a 'firearm' within the meaning of Section 6117.

Brief for Appellant at 2.

470

The facts are undisputed. Officer Joseph Hasara, Badge No. 3220, 12th District Philadelphia Police Department, testified that in response to information received, he and his partner proceeded to the 1100 block of South 49th Street where they observed a Negro male walking south on 49th Street who matched the description of the male he received. (N.T. 4). As the police approached him, the defendant threw a brown checkered jacket over the railroad bridge onto the tracks. (N.T. 4, 13, 16–17). The defendant was placed up against a fence and frisked. (N.T. 4). Officer Hasara walked to the tracks and retrieved the jacket while his partner watched the defendant. Upon retrieving the jacket, Officer Hasara felt a hard object inside the breast pocket. The 'object' was a silver .32 caliber Clerke revolver with a two and one-half (2½) to three (3) inch barrel. The plastic grips of the revolver were secured with wire. (N.T. 4–6). The officer testified that he received nine (9) years training in weapons, six (6) years in the Air Force and three (3) in the police Department. This training included the use, handling, appearance and maintenance of firearms, including .32 caliber weapons. (N.T. 8). During this training period the officer learned that the serial numbers on .32 caliber weapons are found either on the base of the handle or on the base of the cylinder if it is open or removable. (N.T. 9). After examining the retrieved .32 caliber weapon, the officer noticed that the serial number was scratched out. He could see only a partial number.

Lower ct. op. at 2–3.

In *Commonwealth v. Mason*, 483 Pa. 409, 397 A.2d 408 (1979), Justice Roberts in discussing section 6117 said:

To establish its case, the Commonwealth relies on the 'presumption' in section 6117(b) of the Crimes Code. Section 6117(b) provides:

(b) Presumption.—Possession of any firearm, upon which any such mark shall have been changed, altered, removed, or obliterated, shall be prima facie evidence that the possessor has changed, altered, removed, or obliterated the same.'

The Commonwealth properly notes that the use of the term 'presumption' in section 6117(b) does not settle its intended legal effect. The Model Penal Code provides that statutory presumptions establishing crimes 'or elements of a crime, create inferences, not rebuttable presumptions:

> '[W]hen there is evidence of the facts which give rise to the presumption, the issue of the existence of the presumed fact must be submitted to the jury, unless the Court is satisfied that the evidence as a whole clearly negatives the presumed fact. . . .'

American Law Institute, Model Penal Code § 1.12. Accord, 9 Wigmore § 2513 (3d ed. 1940); McCormick, Evidence (2d ed. 1972) § 346 ('Both the right of the defendant to trial by jury and his right to have the prosecution prove each element of the offense beyond a reasonable doubt are constitutionally protected. A rule that shifted the burden of producing evidence with regard to an element so as to require the jury to find against the defendant in the absence of rebutting evidence or that required that the defendant persuade the jury of the non-existence of such an element would violate both these rights'); F.R.Ev. 303(b) (Proposed). We have held that, "virtually all so-called 'criminal presumptions' are really no more than permissible inferences." *Commonwealth v. DiFrancesco*, 458 Pa. 188, 193, 329 A.2d 204, 208 (1974). We adopt the position argued by the Commonwealth that § 6117(b) creates a permissible inference.

*Id.*, 483 Pa. at 412–13, 397 A.2d at 410–11.

■ It was, of course, the burden of the Commonwealth to establish beyond a reasonable doubt each element of the crime charged. *Commonwealth v. Williams*, 463 Pa. 370, 344 A.2d 877 (1975); *Commonwealth v. Darush*, 256 Pa.Super. 344, 389 A.2d 1156 (1978). Instantly, there is no doubt that Zachary L. Ricketts was in possession of a silver .32 caliber Clerke revolver and that the serial number of the weapon was scratched out. Possession of a firearm with an obliterated serial number, however, is not the crime. Under sec-

tion 6117(a), the offense is "obliteration." In *Mason*, our supreme court concluded that mere possession of a weapon with an obliterated mark was not sufficient to prove beyond a reasonable doubt the crime covered by section 6117 of the Crimes Code. Our case, however, goes factually beyond that point and is more analogous to *Commonwealth v. Shore*, 259 Pa.Super. 404, 393 A.2d 889 (1978). In *Shore*, the defendant not only had possession of the altered weapon but attempted to get rid of it when he saw the approaching police. As we said in *Shore* :

> In the instant case, the court below in its verdict indicated that it did not rely on the presumption but relied upon the fact that the defendant had possession of the altered weapon and attempted to get rid of it when he saw the approaching police, so indicating by inference the guilty knowledge of its altered condition. This reasoning leads to a logical conclusion but it is strengthened by the addition of the presumption provided in the act itself. We find that the defendant's possession of the altered weapon, his attempt to get rid of it when he saw the police and the presumption justify the inference that the defendant altered the identification marks on the weapon. There was sufficient evidence to support the verdict.

*Id.*, 259 Pa.Super. at 406–07, 393 A.2d at 891.

Instantly, as the police approached the defendant he threw his brown jacket over the railroad bridge onto the tracks. The police retrieved his jacket and the altered .32 caliber revolver was taken from the inside breast pocket. As in *Shore*, we had not only an altered weapon, and possession of it by the appellant Zachary L. Ricketts, but his attempt to get rid of it when he saw the approaching police, so indicating by inference his guilty knowledge of its altered condition. We find under all the facts and circumstances of this case that there was sufficient evidence to support the verdict.[2]

Judgment of sentence affirmed.

**2.** There is no merit whatsoever to the second question involved in this appeal, to wit, that the Commonwealth failed to establish that

the gun was operable. In this connection, we adopt the following portion of the appellee's brief in response thereto:

A 'firearm' is defined in 18 Pa.C.S. [§ 6102] as '... any pistol or revolver with a barrel less than twelve inches, any shotgun with a barrel less than 24 inches or any rifle with a barrel less than 15 inches ...' No requirement of operability is built into the statute. Where the legislative intent is clear and unambiguous, no such requirement may be read in by the courts.

... The purpose of requiring serial numbers on firearms is to be able to trace the path a particular firearm has taken, for example from its legitimate owner to a thief who intends to use it for violence. For this purpose, it makes no difference whether the gun is currently operable. Even if it is not, the societal interest in keeping track of its whereabouts, identifying it and returning it to its legitimate owner remains strong. An inoperable gun-which may at some time be made operable-with an obliterated serial number is as dangerous in the stream of illicit commerce as an operable gun.

Appellee's Brief at 3.