467 A.2d 1132

**COMMONWEALTH of Pennsylvania**

v.

**Zachery RICKETTS, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 28, 1983.

Decided Dec. 2, 1983.

John W. Packel, Chief, Appeals Div., Paul Messing, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Eric B. Henson, Deputy Dist. Atty., for appellee.

624

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## ORDER

PER CURIAM:

The Order of the Superior Court is reversed and appellant discharged. See *Commonwealth v. Mason,* 483 Pa. 409, 397 A.2d 408 (1979).

McDERMOTT, J., files a dissenting opinion in which HUTCHINSON, J., joins.

McDERMOTT, Justice, dissenting.

By *per curiam* order, the majority reverses the Order of the Superior Court and discharges the appellant. Because I disagree with the disposition of this case, I dissent.

The facts in this case are not in dispute. As two police officers approached the appellant, he threw a brown checkered jacket over a railroad bridge. At his trial, the appellant testified that he tried to get rid of the jacket because he was "excited" and "paranoid" at the sight of the police officers. The appellant was stopped. Upon retrieving the jacket off of the railroad tracks, the officers felt a hard object which turned out to be a silver .32 caliber revolver. One of the police officers testified that part of the serial number on the revolver was scratched out. The appellant was found guilty of "altering or obliterating" the identification on a firearm.[1]

Following the guilty verdict, appellant filed a Writ of Certiorari with the Court of Common Pleas of Philadelphia County which was denied. On appeal the Superior Court affirmed the judgment of sentence.

The provision of the Crimes Code under which appellant was convicted provides:

§ 6117.   Altering or obliterating marks of identification.

1.   Act of December 6, 1972, P.L. 1482, No. 334 § 1, 18 Pa.C.S. § 6117.

(a) Offense defined. No person shall change, alter, remove, or obliterate the name of the maker, model, manufacturer's number, or other mark of identification on any firearm.

(b) Presumption. Possession of any firearm, upon which any such mark shall have been changed, altered, removed, or obliterated, shall be prima facie evidence that the possessor has changed, altered, removed, or obliterated the same.

18 Pa.C.S. § 6117.

In hastily resolving this case, the majority cited only *Commonwealth v. Mason,* 483 Pa. 409, 397 A.2d 408 (1979), where this Court held that the "presumption" supplied in the text of the offense could only be used as a permissible inference and not a rebuttable presumption, and that proving mere possession of a firearm with an altered or obliterated mark was not, standing alone, sufficient to support a conviction. Significantly, the Court did not hold that subsection (b) was without its proper uses.

In this case, the trial court relied on more than the Act's permissible inference of possession. The trial judge also had the testimony of the police officer concerning the appellant's effort to dispose of the jacket containing the revolver, and as the finder of fact, he could pass upon credibility of the appellant and the weight to be accorded his testimony. *See Commonwealth v. Carter,* 481 Pa. 495, 393 A.2d 13 (1978).

In my view, the trial court and the Superior Court deserve more respect than the majority accords them in its one sentence reversal. I would hold that the statutory inference, along with the appellant's effort to get rid of the weapon, was sufficient evidence to support a finding of guilt. *See Commonwealth v. Shore,* 259 Pa.Super. 404, 393 A.2d 889 (1978). I would affirm the judgment of sentence.

HUTCHINSON, J., joins in this dissenting opinion.