**[J-54-2019] [MO: Todd, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 73 MAP 2018 |
| | : | |
| Appellee | : | Appeal from the Order of Superior |
| | : | Court at No. 1923 EDA 2017 dated |
| | : | May 8, 2018, Affirming the Judgment |
| v. | : | of Sentence of the Delaware County |
| | : | Court of Common Pleas, Criminal |
| | : | Division, at No. CP-23-CR-4965-2016 |
| SHANE C. SMITH, | : | dated May 9, 2017 |
| | : | |
| Appellant | : | ARGUED: May 16, 2019 |

**CONCURRING OPINION**

**JUSTICE WECHT**                                           **DECIDED: November 20, 2019**

I join the Majority's fine Opinion.

As used in Section 6110.2,[1] the term "alter" is ambiguous. As the Majority notes, some dictionaries propose narrow definitions of the word, while others propose broad ones.[2] The resulting muddle brings to mind Judge Learned Hand's wisdom that "it is one of the surest indexes of a mature and developed jurisprudence not to make a fortress out of the dictionary; but to remember that statutes always have some purpose or object to accomplish, whose sympathetic and imaginative discovery is the surest guide to their

---

[1]     "No person shall possess a firearm which has had the manufacturer's number integral to the frame or receiver altered, changed, removed or obliterated."

      18 Pa.C.S. § 6110.2(a).

[2]     *See* Maj. Op. at 8-10.

meaning."[3]  Consistent with Hand's interpretive spirit, the Majority astutely investigates the skullduggery that Section 6110.2 is seeking to remedy.

Relying upon the perception that the legislature designed the statute to ensure that serial numbers are legible in order to identify owners of guns, and further applying the rule of lenity, the Majority concludes that the Commonwealth did not prove that the serial number was "altered" in this case.[4]  The Majority aptly references the canon of statutory construction which invites us to presume that the General Assembly does not intend "absurd" or "unreasonable" results.[5]  Pursuant to Section 6117,[6] the act of altering, changing, removing, or obliterating a gun's serial number is a crime.  As such, Section 6117 requires that someone act with intent, knowledge, or recklessness in altering the serial number.[7]

---

[3]  *Cabell v. Markham*, 148 F.2d 737, 739 (2d. Cir.), *aff'd* 326 U.S. 404 (1945).

[4]  *See* Maj. Op. at 13.

[5]  *Id.* at 8.  "In ascertaining the intention of the General Assembly in the enactment of a statute the following presumptions, among others, may be used: (1) That the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable."

1 Pa.C.S. § 1922.

[6]  "No person shall change, alter, remove, or obliterate the manufacturer's number integral to the frame or receiver of any firearm which shall have the same meaning as provided in section 6105 (relating to persons not to possess, use, manufacture, control, sell or transfer firearms)."

18 Pa.C.S. § 6117(a).

[7]  *See Commonwealth v. Ford*, 175 A.3d 985, 993 (Pa. Super. 2017) (stating that section 6117 "prohibits a person from intentionally defacing manufacturer's numbers"); *Commonwealth v. Shore*, 393 A.2d 889, 890-91 (Pa. Super. 1978) (discussing whether the Commonwealth sufficiently proved "guilty knowledge" to show violation of prior version of Section 6117 when, upon police officers' arrival, the defendant handed a gun with an altered serial number to another person).

Neither an accidental act, nor normal wear and tear, nor natural corrosion that obscures or otherwise marks the serial number of gun, constitutes a criminal act pursuant to Section 6117. By contrast, under the interpretation employed by the lower courts here, the mere *possession* of a gun with similar defects *would* be a criminal act pursuant to Section 6110.2. It would be plainly absurd for the General Assembly to criminalize the mere *possession* of such a marked-up gun while simultaneously allowing that actually (so long as unintentionally) *causing* those marks would not itself be illegal.

As well, such a counterintuitive interpretation would have the apparent effect of rendering Section 6110.2 essentially a strict liability crime, inasmuch as mere possession (regardless of the possessor's mental state) of a weapon with an altered, but legible, serial number (regardless of the cause) would be a criminal act. Generally, strict liability crimes are disfavored in Pennsylvania.[8] While it is within the General Assembly's power to enact such offenses, this Court has demanded some clear statement or other affirmative evidence to indicate legislative determination to dispense with the prevailing requirement of *scienter*.[9] There is of course no such statement or evidence here.

---

[8] *See, e.g., Commonwealth v. Gallagher*, 924 A.2d 636, 639 (Pa. 2007) ("[T]he imposition of absolute liability for a crime is generally disfavored and an offense will not be considered to impose absolute liability absent some indication of a legislative directive to dispense with *mens rea.*")

[9] Most general rules are qualified by particular exceptions. This Court accordingly has recognized statutes in which our General Assembly has created strict liability crimes. Such crimes are generally regulatory or related to public welfare. *Commonwealth v. Moran*, 104 A.3d 1136, 1149 (Pa. 2014). *See, e.g., Pennsylvania Liquor Control Bd. v. TLK, Inc.*, 544 A.2d 931, 932 (Pa. 1988) ("A violation of the Liquor Code or its attendant laws and regulations places a liquor license in jeopardy on a basis of strict liability. . . . This is due to the legislative mandate in the Liquor Code."); *Commonwealth v. Koczwara*, 155 A.2d 825, 829 (Pa. 1959) (holding that certain sections of the Liquor Code did not require a *mens rea* when the legislature included terms such as "knowingly" and "willfully" in some provisions, but not in others).

While this Court has not addressed the issue of the *mens rea* applicable to Section 6110.2, the Superior Court has held that 18 Pa.C.S. § 302 (providing definitions of and

As the Majority notes, no one should have to guess whether a particular activity is illegal.[10]  Upon reading the statute at bar, few would suspect that to merely possess a gun which bears a scratched, though legible, serial number is to commit a crime. Moreover, such manifest uncertainty might easily be replicated among police officers, leading to a patent risk of arbitrary and inconsistent law enforcement.  Under such a rubric, any citizen, whether police or civilian, would be compelled simply to guess as to whether a scratched, though legible, serial number violates the statute and constitutes a crime.  Instead of requiring citizens to speculate, and to do so at peril to their liberty, the Majority correctly focuses the inquiry on whether or not the serial number is legible, which relates soundly to the purpose of Section 6110.2.

The Majority's emphasis upon legibility informs its rule that "the Commonwealth must establish that the [serial] number was changed in a material way" in order to prove that the number was altered for purposes of Section 6110.2.[11]  The Majority explains that a material change would be one that renders the serial number illegible when viewed unaided or would be one that has caused all or some parts of the original serial number to appear to show different numbers or letters.[12]  These explanations should suffice, if imperfectly, to put both citizens and law enforcement officers on reasonable notice as to what Section 6110.2 actually criminalizes.

---

minimum requirements for levels of culpability) applies to Section 6110.2 and that the statute requires that a defendant have knowledge of the alteration, change, removal or obliteration of the serial number.  *See Commonwealth v. Jones*, 172 A.3d 1139, 1145 (Pa. Super. 2017).

[10]     Maj. Op. at 13.

[11]     Maj. Op. at 13.

[12]     *Id.*

As always, the General Assembly is free to bring us greater clarity through more careful draftsmanship.