# Commonwealth v. Rodriguez

2

*Kevin McCloskey*, for Commonwealth.
*Karen Schular*, for defendant.

STEINBERG, *J.*, December 20, 2013—On September 11, 2013, the defendant was arrested and charged with possession with intent to deliver[1] (2 counts) and possession of a controlled substance[2] (2 counts). The police recovered fourteen (14) bags of marijuana and fifteen (15) bags of cocaine from the defendant's front left pocket after an encounter on the streets of Allentown.

A "motion to suppress" was filed by counsel for the defendant on December 2, 2013, alleging the interaction between the police and the defendant did not comport with the search and seizure protections afforded by the United States and Pennsylvania constitutions. On December 9, 2013, a suppression hearing was held during which Officer Ryan Koons and Officer Alex De La Iglesia, of the Allentown Police Department, testified.

### Background

On September 11, 2013, the police were on alert due

---

1. 35 P.S. § 780-113(a)(30).
2. 35 P.S. § 780-113(a)(16).

to a "rash" of armed robberies in the area of Refwal and Tilghman Streets. Officer De La Iglesia estimated the number of robberies to be ten (10), and they had occurred in the previous one (1) to two (2) weeks.

Officer De La Iglesia, who was in plain clothes and in an unmarked vehicle, observed the defendant and another male loitering under circumstances that led him to alert other officers. For example, the defendant was walking backwards, peering down every baker's alley, and appeared "hyper-vigilant."

Officer Koons, who was partnered with Officer Robert Flores, pulled their patrol vehicle next to the defendant's location and engaged in some "chit-chat" with the defendant. Both officers remained in their vehicle until the defendant provided information that was inconsistent with Officer De La Iglesia's observations. Specifically, the defendant claimed to have been at the Red Barn Bar and Grill, but he was observed loitering on Refwal Street.

Officer Koons exited the patrol vehicle and told the defendant about the discrepancy. The defendant responded that he had done nothing wrong. Officer Koons then asked the defendant to consent to a pat-down, and with that the defendant put his hands up, and said "that's fine."

Officer Koons did a pat-down of the exterior of the defendant's left, front pants pocket, and it was immediately apparent what was inside the pocket. It was described as "squishy," "cellophane" with individual "nubs." Based upon his experience, which included hundreds of arrests, Officer Koons identified the items as drugs. The cocaine and marijuana were recovered and the defendant was arrested.

Discussion

It has been frequently explained that there are three categories of interactions between citizens and the police: "mere encounters," "investigative detentions," which subject a person to a stop and period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of an arrest; and "arrests" or "custodial detentions." *See Commonwealth v. Cottman*, 764 A.2d 595, 598 (Pa. Super. 2000); *Commonwealth v. Stevenson*, 894 A.2d 759 (Pa. Super. 2006). The "'mere encounter' (or request for information), [] need not be supported by any level of suspicion...." *Commonwealth v. Collins*, 950 A.2d 1041, 1046 (Pa. Super. 2008) citing *Commonwealth v. Mendenhall*, 715 A.2d 1117, 1119 (Pa. 1998). A "mere encounter" is not so intrusive or intense to require constitutional protections. *Commonwealth v. Boswell*, 721 A.2d 336, 340 (Pa. 1998).

No constitutional provision prohibits police officers from approaching a citizen in public to make inquiries of them, and not every contact with the police constitutes a seizure. *Commonwealth v. Coleman*, 19 A.3d 1111, 1116 (Pa. Super. 2011)(Both the United States and Pennsylvania Supreme Courts have held that the approach of a police officer followed by questioning does not constitute a seizure.). *See also Commonwealth v. Guess*, 53 A.3d 895, 901 (Pa. Super. 2012). In *Commonwealth v. Reid*, 811 A.2d 530, 545 (Pa. 2002) *cert. denied*, 540 U.S. 850 (2003) quoting *Florida v. Royer*, 460 U.S. 491, 497 (1983), it was again explained that "[l]aw enforcement officers do not violate the fourth amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, by putting questions to him if the person is willing to listen ...." *See also United States v. Drayton*, 536 U.S. 194, 200

(2002).

A court must consider all the circumstances surrounding the encounter to determine whether a seizure has occurred. *Collins*, 950 A.2d at 1046. No bright-line test has been created to determine whether the interaction was a mere encounter or seizure because of the "myriad of daily situations in which policemen and citizens confront each other on the street." *Mendenhall*, 715 A.2d at 1120 quoting *Terry v. Ohio*, 392 U.S. 1, 12 (1968). Instead, the circumstances considered "to determine whether the demeanor and conduct of the police would have communicated to a reasonable person that he or she was not free to decline the officer's request or otherwise terminate the encounter" include, but are not limited to, the following:

> [T]he number of officers present during the interaction; whether the officer informs the citizen they are suspected of criminal activity; the officer's demeanor and tone of voice; the location and timing of the interaction; the visible presence of weapons on the officer; and the questions asked.

*Collins*, 950 A.2d at 1047 citing *Commonwealth v. Beasley*, 761 A.2d 621, 624-625 (Pa. Super. 2000). *See also Commonwealth v. Bennett*, 827 A.2d 469, 478 (Pa. Super. 2003)(Factors to consider include nature, length and location of detention; whether suspect was transported against his or her will; how far and why; whether the law enforcement officer showed, threatened, or used force; and the investigative method employed to confirm or dispel suspicions).

Here, the police had every right to approach and speak with the defendant on a public street without

that conversation being considered a seizure. It was an encounter without any demonstrable force. The presence of two officers did not change the character of the interaction, particularly since only Officer Koons spoke with the defendant. The defendant was alerted to the reason for the officers' presence, but was never treated as a suspect in the robberies. No weapons were displayed, nor were lights and sirens used as the officers approached in their vehicle. Moreover, no handcuffs or restraints were used, and the tone of Officer Koons was conversational.

The tenor of the interaction did change when the defendant provided a version of his activities that was inconsistent with what Officer De La Iglesia observed. However, the defendant was not detained, but was asked to consent to a pat-down.

"Even when law enforcement officers have no basis for suspecting a particular individual, they may pose questions, ask for identification, and request consent to search [] provided they do not induce cooperation by coercive means." *Drayton*, 536 U.S. at 201; *Commonwealth v. Au*, 42 A.3d 1002, 1013 (Pa. 2012). As stated in *Drayton*, and equally applicable in the within case, there '"was nothing coercive [or] confrontational' about the encounter. There was no application of force, no intimidating movement, no overwhelming show of force, no brandishing of weapons, no blocking of exits, no threat, no command, not even an authoritative tone of voice." *Id.* at 204.

When the underlying encounter is found to be lawful, the voluntariness of the consent to search becomes the exclusive focus. *Commonwealth v. Caban*, 60 A.3d 120, 127 (Pa. Super. 2012); *Commonwealth v. Bell*, 871 A.2d 267, 273 (Pa. Super. 2005); *Commonwealth v. Moultrie*,

870 A.2d 352, 356 (Pa. Super. 2005). Generally, police officers may not conduct a warrantless search or seizure unless an exception applies. "One such exception is consent, voluntarily given." *Bell*, 871 A.2d at 273. "Absent some coercive conduct by police, a request for cooperation or consent to search does not automatically convert an undeniably permissible encounter into an illegal seizure." *Commonwealth v. Smith*, 732 A.2d 1226, 1231 (Pa. Super. 1999), *aff'd* 836 A.2d 5 (Pa. 2003), quoting *Commonwealth v. Shelly*, 703 A.2d 499, 502 (Pa. Super. 1997). *See also Commonwealth v. Cleckley*, 738 A.2d 427 (Pa. 1999) (Defendant, who was confronted with claim that he sold drugs, voluntarily consented to search of change purse in which cocaine was located); *Commonwealth v. Roberts*, 771 A.2d 23 (Pa. Super. 2001)(Officer's interaction with defendant was a "mere encounter" even though officer told the defendant prior to securing his consent to search both his person and vehicle, that he believed he had just witnessed a drug transaction.).

A totality of the circumstances test leads to the conclusion that the pat-down search in this case was voluntary. A non-exclusive list of factors that have evolved in considering whether a search was consensual include the following:

(1) the presence or absence of police excesses;

(2) physical contact or police direction of the subject's movements;

(3) the demeanor of the police officer;

(4) the location of the encounter;

(5) the manner of expression used by the officer in

addressing the subject;

(6) the content of the interrogatories or statements;

(7) whether the subject was told that he or she was free to leave; and

(8) the maturity, sophistication, and mental or emotional state of the defendant (including age, intelligence and capacity to exercise free will).

*Commonwealth v. LaMonte*, 859 A.2d 495, 500-501 n.4 (Pa. Super. 2004) quoting *Commonwealth v. Strickler*, 757 A.2d 884, 897-898, 901. *See also Caban*, 60 A.3d at 127.

The defendant's reaction to the request by Officer Koons to conduct a pat-down was unequivocal and without hesitation. He raised his hands and said "that's fine". The consent was "not the result of duress or coercion, express or implied." *Moultrie*, 870 A.2d at 359 quoting *Commonwealth v. Acosta*, 815 A.2d 1078, 1083 (Pa. Super. 2003) *appeal denied* 839 A.2d 350 (Pa. 2003). Although the defendant was not told that he had the right to refuse consent, the failure to do so is only one factor in evaluating the validity of a consent. *Cleckley*, 738 A.2d at 433. The totality of the circumstances leads to the conclusion that the defendant's consent was the "product of an essentially free and unconstrained choice." *Moultrie*, 870 A.2d at 359-360.

The plain feel doctrine also permitted Officer Koons to seize the non-threatening contraband. "[A]n officer may also properly seize non-threatening contraband detected through the sense of touch during a protective frisk for weapons." *Commonwealth v. Zhahir*, 751 A.2d 1153, 1158 (Pa. 2000) citing *Minnesota v. Dickerson*, 508 U.S. 366,

373 (1993). The plain feel doctrine requires the following: (1) the officer must lawfully be in a position to detect the presence of contraband; (2) the incriminating nature of the contraband must be "immediately apparent"; and (3) the officer must have a lawful right of access to the object. *In re C.C.*, 780 A.2d 696, 699 (Pa. Super. 2001).

"Immediately apparent means that the officer readily perceives, without further exploration or searching, that what he is feeling is contraband." *Commonwealth v. Stevenson*, 744 A.2d 1261, 1265 (Pa. 2000). Officer Koons was lawfully in a position to detect the drugs, and immediately recognized what was in the defendant's pocket. Officer Koons, who testified that he has conducted numerous pat-downs, was confident from the items "tactile impression," which included "individual nubs," that drugs would be retrieved. His decision to seize the contraband was objectively reasonable. *Zhahir*, 751 A.2d at 1163. A police officer's experience may be regarded as a relevant factor. *Commonwealth v. Thompson*, 985 A.2d 928, 935 (Pa. 2009). The experience of Officer Koons demonstrated a "nexus between his experience and the search [] or seizure of evidence." *Id.*

For all the foregoing reasons, the seizure of the cocaine and marijuana was lawful, and the motion to suppress must be denied.

## ORDER

And now, this 20th day of December, 2013, following a suppression hearing and review of caselaw submitted for this court's review;

It is hereby ordered that the "motion to suppress" is denied.