J-A30023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BARRY QUARTERBAUM | |
| Appellant | No. 2948 EDA 2013 |

Appeal from the Judgment of Sentence July 24, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0004852-2013

BEFORE:  LAZARUS, J., MUNDY, J., and PLATT, J.[*]

MEMORANDUM BY MUNDY, J.:                **FILED JANUARY 23, 2015**

Appellant, Barry Quarterbaum, appeals from the July 24, 2013 judgment of sentence of 12 months' probation imposed following a stipulated trial where he was found guilty of knowingly or intentionally possessing a controlled substance.[1]  After careful review, we affirm.

The trial court set forth the relevant facts as follows.

> On February 2, 2013, at approximately 7:45 P.M., Philadelphia Police Officers Steven Cowdery and Christopher McGraw, both in plainclothes and in an unmarked car, were parked in the middle of the 1200 block of Catherine Street in Philadelphia in response to a shooting that occurred in the area earlier that day.  Officer Cowdery observed

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(16).

Appellant, who was lingering half a block away, begin walking east-bound on Catherine Street and, approximately 20 feet away from the officer's position, eventually come into contact with an unknown black female. Although he could not hear any conversation, Officer Cowdery observed a quick hand-to-hand transaction whereby Appellant gave the female United States currency in return for small objects. At that time, the officer did not know the number of small objects or what the small objects were. Appellant placed the small objects in his pocket and began walking from whence he came.

Officer Cowdery has been a police officer for more than a decade. He testified that he has observed numerous narcotics transactions and has made two narcotics arrests in the area of 1200 Catherine Street. Suspecting that they just observed a narcotics transaction, the officers pulled out of their parking spot in the direction of Appellant. As they approached the corner, Officer Cowdery exited the vehicle, identified himself as a police officer, and requested three times that Appellant remove his hands from his pockets.

Appellant did not comply with the officer[']s request to show his hands and was eventually placed against a wall and patted-down by Officer Cowdery. While patting Appellant's pants pocket with an open palm, the officer felt numerous small bags that his experience told him was consistent with narcotics packaging. Officer Cowdery asked Appellant if there was anything in his pocket that he needed to be aware of. Receiving no answer from Appellant, Officer Cowdery stuck his hand in Appellant's pocket and recovered four small plastic bags, rolled and taped, that contained a white chalky substance. The substance tested positive for narcotics and the bags were placed on a property receipt.

Trial Court Opinion, 1/7/14, at 3-4. Based on the foregoing, the

Commonwealth charged Appellant with knowingly or intentionally possessing

a controlled substance. On July 24, 2013, Appellant litigated, in the Philadelphia Municipal Court, a motion to suppress the four bags of narcotics. Following an evidentiary hearing, the trial court denied Appellant's motion to suppress. The case proceeded to an open stipulated trial, and the trial court found Appellant guilty of the aforementioned charge. Immediately thereafter, the trial court sentenced defendant to 12 months' probation. Appellant subsequently filed a petition for a writ of *certiorari* to the court of common pleas challenging the denial of his motion to suppress. On October 4, 2013, the court of common pleas denied Appellant's petition. Thereafter, on October 23, 2013, Appellant timely filed a notice of appeal.[2]

On appeal, Appellant raises the following two issues for our review.

> 1. Was not [A]ppellant stopped without reasonable suspicion where he was seen exchanging an unknown item for money in an area not known for drug activity, by an officer with minimal experience with drug arrests, and where [A]ppellant neither ran nor made furtive movements upon seeing police approach him?
>
> 2. Where, during a frisk, an officer felt a plastic baggie in [A]ppellant's pocket, did he not lack probable cause to then search the pocket and seize its contents, since a baggie is not *per se* contraband and its incriminating nature is not immediately apparent?

Appellant's Brief at 3.

---

[2] Appellant and the court of common pleas have complied with Pennsylvania Rule of Appellate Procedure 1925.

Both of Appellant's issues challenge the denial of his motion to suppress. Our standard of review is as follows.

> In addressing a challenge to a trial court's denial of a suppression motion, we are limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Since the Commonwealth prevailed in the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as it remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Scarborough*, 89 A.3d 679, 683 (Pa. Super. 2014) (citation omitted), *appeal denied*, --- A.3d ---, (Pa. 2014).

First, Appellant challenges the legality of his stop by Officer Cowdery. Resolution of this issue is dependent upon the nature of the interaction between Appellant and the police.

> The Fourth Amendment of the U.S. Constitution and Article I, Section 8 of our state Constitution protect citizens from unreasonable searches and seizures. To safeguard this right, courts require police to articulate the basis for their interaction with citizens in increasingly intrusive situations:
>
> > The first of these is a "mere encounter" (or request for information) which need not be supported by any level of suspicion, but carries no official compulsion to stop or to respond. The second, an "investigative detention" must be supported by a reasonable suspicion; it subjects a suspect to a stop and a period of

detention, but does not involve such coercive conditions as to constitute the functional equivalent of an arrest. Finally, an arrest or "custodial detention" must be supported by probable cause.

*Commonwealth v. Downey*, 39 A.3d 401, 405 (Pa. Super. 2012) (citation omitted)[, *appeal denied*, 50 A.3d 124 (Pa. 2012)].

*Commonwealth v. McAdoo*, 46 A.3d 781, 784 (Pa. Super. 2012), *appeal denied*, 65 A.3d 413 (Pa. 2013).

The parties and the court of common pleas agree that Officer Cowdery effected an investigative detention when he confronted Appellant after observing the hand-to-hand transaction. Appellant's Brief at 8; Commonwealth's Brief at 10; Trial Court Opinion, 1/7/14, at 4. Accordingly, for the stop to be valid, Officer Cowdery must have possessed a reasonable suspicion that Appellant was engaged in criminal activity. *See McAdoo*, *supra*. Our Supreme Court has explained reasonable suspicion as follows.

Reasonable suspicion is a less stringent standard than probable cause necessary to effectuate a warrantless arrest, and depends on the information possessed by police and its degree of reliability in the totality of the circumstances. In order to justify the seizure, a police officer must be able to point to specific and articulable facts leading him to suspect criminal activity is afoot. In assessing the totality of the circumstances, courts must also afford due weight to the specific, reasonable inferences drawn from the facts in light of the officer's experience and acknowledge that innocent facts, when considered collectively, may permit the investigative detention.

…

- 5 -

> The determination of whether an officer had reasonable suspicion that criminality was afoot so as to justify an investigatory detention is an objective one, which must be considered in light of the totality of the circumstances. It is the duty of the suppression court to independently evaluate whether, under the particular facts of a case, an objectively reasonable police officer would have reasonably suspected criminal activity was afoot.

*Commonwealth v. Holmes*, 14 A.3d 89, 95-96 (Pa. 2011) (internal citations, quotation marks, and emphasis omitted).

According to Appellant, Officer Cowdery did not have reasonable suspicion that Appellant had just engaged in a narcotics transaction. Appellant's Brief at 8. Appellant contends the officer had limited experience, the officer had not previously made arrests on that block, the officer witnessed merely one hand-to-hand exchange, and Appellant did not flee or engage in furtive movements when the police approached him. *Id.* at 9-10.

Instantly, we conclude Appellant's analysis is misguided. Appellant is focusing on the evidence the Commonwealth did not present rather than the evidence the Commonwealth actually presented. As we explained previously, however, our standard of review requires us to "consider only the evidence of the Commonwealth and so much of the evidence for the defense as it remains uncontradicted when read in the context of the record as a whole." *Scarborough*, *supra*.

Here, the record supports the trial court's conclusion that Officer Cowdery had reasonable suspicion that Appellant had purchased narcotics,

which justified Officer Cowdery's investigative detention of Appellant. Officer Cowdery testified that at 7:45 p.m. on February 2, 2013, he was conducting surveillance on the 1200 block of Catherine Street in Philadelphia in response to a shooting that occurred earlier in the day. N.T., 7/24/13, at 5-6. Officer Cowdery has been a Philadelphia police officer for ten years and has been involved in approximately 12 undercover narcotics transactions with his own money. *Id.* at 7. He also testified that he had previously made two narcotics arrests in the area of the 1200 block of Catherine Street. *Id.* He witnessed Appellant engage in a hand-to-hand transaction that he believed was a narcotics sale because Appellant quickly exchanged money for small unknown objects on the street at night. *Id.* at 8. After the transaction, Appellant "quickly" placed the objects in his pocket and "quickly" walked toward a parked SUV, which had pulled up and parked just before the transaction began. *Id.* The totality of the circumstances surrounding the hand-to-hand exchange viewed in light of Officer Cowdery's experience with narcotics transactions, led Officer Cowdery to conclude that Appellant was engaged in criminal activity. *See Holmes*, *supra*. Adhering to our standard of review, we conclude the record supports the factual findings of the trial court, and we discern no error in the trial court's legal conclusion that Officer Cowdery had reasonable suspicion to detain Appellant. *See Scarborough*, *supra*.

In his second issue raised on appeal, Appellant contends that Officer Cowdery's tactile impression of the objects in Appellant's pocket did not provide probable cause to search Appellant's pocket and seize the plastic baggies because baggies are not *per se* contraband and their incriminating nature was not immediately apparent. Appellant's Brief at 11. Initially, we note that Appellant does not dispute that Officer Cowdery had reasonable suspicion that justified conducting a protective frisk.[3] Instead, Appellant contends that the "plain feel" doctrine did not justify the seizure of the plastic baggies.

"[T]he plain feel doctrine provides a police officer may properly seize non-threatening contraband 'plainly felt' during a ***Terry*** frisk for weapons; in such instances, 'seizure [is] justified by the same practical considerations

---

[3] We observe, even if Appellant challenged this issue, it is without merit. Officer Cowdery had reasonable suspicion to conduct a protective frisk for his safety. Officer Cowdery testified that Appellant had his hands in his pockets when Officer Cowdery approached Appellant, and Appellant did not respond to requests to remove his hands from his pockets. N.T., 7/24/13, at 8-9. Officer Cowdery was conducting surveillance of the neighborhood in response to a shooting earlier that day. ***Id.*** at 6. Therefore, Officer Cowdery was justified in conducting a protective frisk for his safety. ***See Commonwealth v. Hall***, 713 A.2d 650, 653 (Pa. Super. 1998), *reversed on other grounds*, 771 A.2d 1232 (Pa. 2001) (concluding "when [the defendant] approached [police] with his hand thrust in his pocket and refused to remove it, the encounter escalated into a situation where the totality of circumstances involved a reasonable suspicion and justified a detention to stop and frisk"); ***Commonwealth v. Garcia***, 661 A.2d 1388, 1392 n.11 (Pa. Super. 1995), *appeal denied*, 672 A.2d 304 (Pa. 1996) (noting the defendant's refusal to remove his hands from his pockets justifies a pat-down search).

that inhere in the plain-view context.'" **Commonwealth v. Pakacki**, 901 A.2d 983, 985, n.1 (Pa. 2006), *quoting* **Minnesota v. Dickerson**, 508 U.S. 366, 375-376 (1993). Our Supreme Court has explained the plain feel doctrine.

> [A] police officer may seize non-threatening contraband detected through the officer's sense of touch during a **Terry** frisk if the officer is lawfully in a position to detect the presence of contraband, the incriminating nature of the contraband is immediately apparent from its tactile impression and the officer has a lawful right of access to the object. **Dickerson**, [**supra**] at 373–75[]. … [T]he plain feel doctrine is only applicable where the officer conducting the frisk feels an object whose mass or contour makes its criminal character immediately apparent. Immediately apparent means that the officer readily perceives, without further exploration or searching, that what he is feeling is contraband. If, after feeling the object, the officer lacks probable cause to believe that the object is contraband without conducting some further search, the immediately apparent requirement has not been met and the plain feel doctrine cannot justify the seizure of the object.

**Commonwealth v. Stevenson**, 744 A.2d 1261, 1265 (Pa. 2000) (some internal citations omitted). Notably, the immediately apparent determination "is essentially coextensive with a probable cause inquiry, 'taking into account the totality of the circumstances surrounding the frisk, including, *inter alia*, the nature of the object, its location, the conduct of the suspect, the officer's experience, and the reason for the stop.'" **In re C.C.**, 780 A.2d 696, 699 (Pa. Super. 2001) (citation omitted), *appeal denied*, 792 A.2d 1251 (Pa. 2001)..

Here, we conclude that the trial court did not err in finding that Officer Cowdery properly seized the baggies pursuant to the plain feel doctrine. As noted above, Officer Cowdery stopped Appellant under suspicion of being involved in a narcotics transaction in an area where Officer Cowdery had previously made narcotics arrests. N.T., 7/24/13, at 6. Following the transaction, Officer Cowdery observed Appellant quickly transfer the small objects he received in exchange for money to his pocket. *Id.* at 8. After Officer Cowdery detained Appellant, Appellant would not remove his hands from his pockets, despite Officer Cowdery asking him three times. *Id.* at 8-9. During the protective frisk, Officer Cowdery stated that he "felt in [Appellant's] right front pants pocket what appeared to be narcotics packaging." *Id.* at 9. Officer Cowdery further described them as small bags, and he explained in his experience he was familiar with small bags being used to package narcotics. *Id.* He testified that he had previously conducted pat-downs where he felt similar objects through clothing that contained narcotics. *Id.* Therefore, the incriminating nature of the baggies was immediately apparent to Officer Cowdery based on his observations of Appellant's actions prior to the investigative detention and frisk, his experience, and his tactile impression of the size and shape of the objects. *See In re C.C.*, *supra*

Appellant contends that the incriminating nature of the bags could not be immediately apparent to Officer Cowdery because plastic bags are

innocuous. Appellant's Brief at 12-15. Appellant's argument is not persuasive because he isolates the tactile impression from the surrounding circumstances that led Officer Cowdery to believe that Appellant was involved in a narcotics transaction. *Id.* at 15. He also attempts to isolate the plastic material of the bags from the manner in which they were packaged. *Id.* The cases Appellant relies on in his brief are distinguishable because in those cases, the reasonable suspicion supporting the initial detention was unrelated to an officer observing the appellant involved in a suspected narcotics transaction.[4] Moreover, in the cases Appellant cites, either the objects felt were not immediately recognizable as contraband or the search exceeded the scope of a *Terry* frisk.[5] In the instant case, in

---

[4] *See Stevenson*, *supra* at 1263-1264 (noting, in consolidated appeal, police initially stopped appellants for motor vehicle code violations); *Commonwealth v. E.M.*, 735 A.2d 654, 657-658 (Pa. 1999) (stating one juvenile appellant was originally detained by school security guard after going under bleachers, and the other appellant, in an unrelated case consolidated for appellate disposition, was stopped for displaying a sandwich bag in proximity of suspected drug transaction in which appellant did not participate); *Commonwealth v. Guillespie*, 745 A.2d 654, 656 (Pa. Super. 2000) (explaining appellant was initially stopped because officer thought he fit the description of a suspect in a recent robbery); *Commonwealth v. Mesa*, 683 A.2d 643, 645 (Pa. Super. 1996) (specifying appellant was the passenger in a vehicle stopped for erratic driving); *Stackfield*, 651 A.2d 558, 560 (Pa. Super. 1994) (stating appellant was present in house on which police executed a search warrant and was handcuffed while officers were securing the premises and frisked shortly afterwards).

[5] *See Commonwealth v. Stevenson*, *supra* at 1265, 1267 (concluding that incriminating nature of pill bottle, cigar, and cardboard packages was not immediately apparent); *Commonwealth v. E.M.*, *supra* at 658 *(Footnote Continued Next Page)*

contrast, Officer Cowdery stopped Appellant under reasonable suspicion of purchasing narcotics and conducted a lawful protective frisk, during which he felt in Appellant's pocket small items that he immediately recognized were small plastic bags packaged in a way common in narcotics trafficking based on his experience. The plain feel of the objects confirmed Officer Cowdery's suspicion that Appellant had engaged in a narcotics transaction. Therefore, based on the totality of the above circumstances, we conclude that the seizure of the small packages was proper under the plain feel doctrine because their incriminating nature was immediately apparent to Officer Cowdery. *See Stevenson*, *supra* at 1265; *In re C.C.*, *supra*.

Based on the foregoing, we conclude that the trial court properly denied Appellant's motion to suppress. *See Scarborough*, *supra*. Accordingly, the trial court's July 24, 2013 judgment of sentence is affirmed.

Judgment of sentence affirmed.

---

*(Footnote Continued)* ————————

(holding one officer exceeded scope of protective frisk as he admitted the purpose of the search was to discover whether bag in appellant's pocket contained drugs and concluding the other officer, in consolidated case, did not meet plain feel doctrine because he testified it was not immediately apparent that bulge in appellant's pocket was contraband); *Commonwealth v. Guillespie*, *supra* at 659 (concluding the scope of a *Terry* frisk was exceeded because the incriminating nature of the items in appellant's pocket was not immediately apparent); *Commonwealth v. Mesa*, *supra* at 648 (holding the bulge in appellant's pocket was not immediately recognized as contraband); *Commonwealth v. Stackfield*, *supra* at 562 (concluding that a zip-lock baggie was not immediately identifiable as contraband).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/23/2015</u>