DROWOTA, Justice,
concurring and dissenting.
I agree with the majority that the initial stop and frisk of this defendant was constitutionally permissible under Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906 (1968). However, in my view, seizure of the contraband also was constitutionally permissible in accordance with the “plain feel” doctrine. Therefore, I respectfully dissent from the majority’s decision and would affirm the Court of Criminal Appeals’ judgment upholding the trial court’s denial of the defendant’s motion to suppress and his subsequent conviction.

PLAIN FEEL DOCTRINE

While the facts of this case and the parameters of the plain feel doctrine are accurately stated in the majority opinion, I do not agree with the application of the doctrine to the facts. As the majority recognizes, legality of the seizure in this ease turns on whether Officer Blackwell had probable cause to believe the object he felt was contraband before he seized it. When the facts and circumstances within the officer’s knowledge are sufficient to warrant a person of reasonable caution in the belief that the item may be contraband, probable cause exists. Texas v. Brown, 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983). Probable cause “does not demand any showing that such a belief be correct or more likely true than false. A ‘practical, nontechnical’ probability that incriminating evidence is involved is all that is required.” Id. The United States Supreme Court has explained the assessment of probable cause as follows.
The process does not deal with hard certainties, but with probabilities. Long before the law of probabilities was articulated as such, practical people formulated certain common-sense conclusions about human behavior; jurors as factfinders are permitted to do the same — and so are law enforcement officers. Finally, the evidence thus collected must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement.
Brown, 460 U.S. at 742, 103 S.Ct. at 1543, quoting United States v. Cortez, 449 U.S. 411, 418, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981). In evaluating probable cause, therefore, courts must consider the totality of the circumstances including the officer’s testimony and factual knowledge based upon prior law enforcement experience. See State v. Rushing, 935 S.W.2d 30, 33 (Mo.banc.1996); see also State v. Trine, 236 Conn. 216, 673 A.2d 1098, 1100 (1996).
Whether, under the plain feel doctrine, an officer may seize an object routinely used to package or contain drugs is an issue upon which courts have split. Some courts hold that only contraband or evidence which is itself recognized by the officer may be seized. See e.g., Commonwealth v. Stackfield, 438 Pa.Super. 88, 651 A.2d 558, 562 (1994). Other courts have held that objects may be *497 seized under the plain feel doctrine if the officer has probable cause to believe that the object contains contraband. See Trine, 673 A.2d at 1103; People v. Champion, 452 Mich. 92, 549 S.W.2d 849, 860 (1996); Rushing, 935 S.W.2d at 33. The majority adopts the second approach, but concludes that Officer Blackwell did not have probable cause to believe the item detected contained contraband. I disagree with the majority’s finding and would hold that the officer had probable cause to believe the object detected during the patdown contained contraband.
This is not a situation where an officer frisks an unknown person on the street and senses an object shaped like a pill bottle. As the majority recognizes, pill bottles do not always contain contraband, and may contain legal substances. However, in this case, Officer Blackwell had received information from a reliable informant that Bridges was selling crack cocaine, “ and that Bridges was carrying the drug on his person.” While conducting a lawful Terry frisk of the defendant, Officer Blackwell detected an object which, according to his testimony, he “immediately recognized” to be a pill bottle of the type ordinarily used by crack dealers to store their product. Though he does not explicitly say so, the implicit conclusion to be drawn from his testimony is that his recognition of the pill bottle as one ordinarily used to store illegal contraband was based upon his prior experience in drug cases.[1] Had Officer Blackwell been acting without the informant’s tip that the defendant was dealing crack cocaine and was carrying the drug on his person, the seizure of the pill bottle,' perhaps, would be constitutionally suspect. We do not have that case before us, however. After carefully reviewing the evidence in this record, I am of the opinion that, considering the facts and circumstances, including the tip, Officer Blackwell had sufficient information to warrant a person of reasonable caution in the belief that the item he detected contained contraband. See Champion, supra (pill bottle in groin); Rushing, supra, (Life Saver Hole candy container in front pants pocket); see also United States v. Craft, 30 F.3d 1044, 1045 (8th Cir.1994) (bulges of heroine packages around defendant’s ankles); United States v. Hughes, 15 F.3d 798, 802 (8th Cir.1994) (“small lumps” of crack cocaine); Trine, 673 A.2d at 1111 (rock of cocaine in pocket); People v. Mitchell, 165 Ill.2d 211, 209 Ill.Dec. 41, 650 N.E.2d 1014, 1024 (1995) (piece of “rock” cocaine inside baggie); State v. Wilson, 112 N.C.App. 777, 437 S.E.2d 387, 389 (1993) (“lumps” in package in breast pocket); Commonwealth v. Dorsey, 439 Pa.Super. 494, 654 A.2d 1086, 1087 (1995) (“lump” in plastic bag); State v. Buchanan, 178 Wis.2d 441, 504 N.W.2d 400, 404 (1993) (plastic bag containing cocaine in waistband).

CONCLUSION

Because I am of the opinion that seizure of the contraband was constitutionally permissible under the plain feel doctrine, I respectfully dissent from the majority decision. I would affirm the Court of Criminal Appeals’ decision upholding the trial court’s denial of the defendant’s motion to suppress and the defendant’s subsequent conviction.

. The record in this case is by no means a textbook example or a model, of clarity. No implicit conclusion would have been necessary had the State, at the suppression hearing, simply asked Officer Blackwell to describe his experience in prior drug cases.