J-A11020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID MORROW | |
| Appellant | No. 20 EDA 2015 |

Appeal from the Order December 16, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0007023-2014

BEFORE:  SHOGAN, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                        **FILED JUNE 06, 2016**

Appellant, David Morrow, appeals from the December 16, 2014 order, denying his petition for a writ of *certiorari*, after the Municipal Court of Philadelphia found him guilty of one count of intentional possession of a controlled substance[1] and sentenced him to three years' probation.  After careful review, we affirm.

The trial court summarized the relevant factual and procedural history of this case as follows.

> On March 6, 2014 at approximately 1:30 a.m., Officer [Joseph] Sperry was on routine patrol in his marked patrol vehicle in the area of the 1100 block of West Cumberland Street in the City of

---

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(16).

Philadelphia. The officer observed a vehicle, in which Appellant was the passenger, with an obscured license plate due to a tinted cover. As he approached the vehicle, Officer Sperry smelled a strong odor of marijuana emanating from the vehicle. As he collected the driver's information, he observed Appellant reach into his left coat pocket. The officer instructed Appellant to keep his hands where the officer could see them and not to reach into his pocket. Despite this command, Appellant again reached for his left side pocket, at which time Officer Sperry decided to remove Appellant from the vehicle for his safety to conduct a frisk. He walked behind the rear of the vehicle to approach Appellant and maintained visual contact. While he was removing Appellant from the vehicle, Appellant reached for his left side pocket a third time, at which time his fingertips went into his pocket. Officer Sperry conducted a frisk and felt, with open hands and his palm what he described as a plastic baggie containing one solid object; the object felt hard and larger than a tic-tac or M&M. He believed the item was consistent with narcotics and narcotics packaging. He formed this belief because of his seven and a half years of experience recovering narcotics, as well as Appellant's furtive movements, the odor of an additional type of drug, and Appellant's failure to follow his directives. The officer removed this item from Appellant's jacket. He recovered a sandwich bag with an off-white chunky substance smaller than a golf ball size which turned out to be crack cocaine.

Trial Court Opinion, 7/31/15, at 1-2.

On March 6, 2014, Appellant was arraigned in the municipal court on the above-mentioned offense. On June 4, 2014, Appellant orally argued a

suppression motion.[2]  After hearing Officer Sperry's testimony, the municipal court denied the motion.  Immediately afterwards, the Commonwealth moved for all of Officer's Sperry's relevant non-hearsay testimony, along with the relevant property receipt showing 2.115 grams of crack cocaine be considered as its case in-chief.  The Commonwealth rested, Appellant presented no evidence, and neither side presented argument to the municipal court.  The municipal court found Appellant guilty of intentional possession of a controlled substance and immediately imposed a sentence of three years' probation.

On July 1, 2014, Appellant filed a petition for a writ of *certiorari* in the trial court.  Therein, Appellant argued that his Fourth Amendment rights were violated insofar that Officer Sperry lacked probable cause to search his pockets and the plain feel doctrine did not apply.  Appellant's *Certiorari Petition*, 7/1/14, at ¶¶ 6-9.  After reviewing the record, on December 16, 2014, the trial court entered an order denying Appellant's petition for a writ of *certiorari*.  On December 23, 2014, Appellant filed a timely notice of appeal.[3]

On appeal, Appellant raises the following issue for our review.

---

[2] Pennsylvania Rule of Criminal Procedure 1005(A) explicitly authorizes oral suppression motions in municipal court cases.  Pa.R.Crim.P. 1005(A).

[3] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

> Was not [A]ppellant searched without probable cause and in violation of the plain feel exception to the warrant requirement where, during a frisk, an officer felt in [A]ppellant's pocket a plastic baggie and a "solid object" described merely as being larger than a tic-tac or M&M, items whose incriminating nature was not immediately apparent?

Appellant's Brief at 3.

Here, Appellant argues that the criminal nature of the contents of his pocket was not "immediately apparent." Appellant's Brief at 8-9. The Commonwealth counters that under the totality of the circumstances, Officer Sperry's belief as to the incriminating nature of what he felt in the Appellant's pocket was objectively reasonable. Commonwealth's Brief at 6. We begin by noting our well-settled standard of review.

> In addressing a challenge to a trial court's denial of a suppression motion, we are limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Since the Commonwealth prevailed in the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as it remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Scarborough*, 89 A.3d 679, 683 (Pa. Super. 2014) (citation omitted), *appeal denied*, 102 A.3d 985 (Pa. 2014). As Appellant was seeking a writ of *certiorari*, the trial court was limited to a review of the

municipal court record. ***See generally Commonwealth v. Beaufort***, 112 A.3d 1267, 1269 (Pa. Super. 2015).

> The Fourth Amendment of the Federal Constitution provides, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated …." U.S. Const. amend. IV. Likewise, Article I, Section 8 of the Pennsylvania Constitution states, "[t]he people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures …." Pa. Const. Art. I, § 8.
>
> ***Commonwealth v. Carter***, 105 A.3d 765, 768 (Pa. Super. 2014) (*en banc*), *appeal denied*, 117 A.3d 295 (Pa. 2015).

***Commonwealth v. Williams***, 125 A.3d 425, 432 (Pa. Super. 2015). Warrantless searches are *per se* unreasonable unless they fall into one of the delineated exceptions to the warrant requirement. ***Commonwealth v. Dunnavant***, 63 A.3d 1252, 1257 (Pa. Super. 2013), *aff'd by equally divided court*, 107 A.3d 29 (Pa. 2014). One such exception is the plain feel exception, first enunciated by the Supreme Court in ***Minnesota v. Dickerson***, 508 U.S. 366 (1993). Our Supreme Court held in ***Commonwealth v. Zhahir***, 751 A.2d 1153 (Pa. 2000) that ***Dickerson*** was consistent with Article I, Section 8 of the Pennsylvania Constitution. ***Id.*** at 1163. Our Supreme Court has explained the plain-feel doctrine in the following terms.

> [T]he ***Dickerson*** Court adopted the so-called plain feel doctrine and held that a police officer may seize

non-threatening contraband detected through the officer's sense of touch during a **Terry** frisk if the officer is lawfully in a position to detect the presence of contraband, the incriminating nature of the contraband is immediately apparent from its tactile impression and the officer has a lawful right of access to the object. As **Dickerson** makes clear, the plain feel doctrine is only applicable where the officer conducting the frisk feels an object whose mass or contour makes its criminal character immediately apparent. Immediately apparent means that the officer readily perceives, without further exploration or searching, that what he is feeling is contraband. If, after feeling the object, the officer lacks probable cause to believe that the object is contraband without conducting some further search, the immediately apparent requirement has not been met and the plain feel doctrine cannot justify the seizure of the object.

**Commonwealth v. Stevenson**, 744 A.2d 1261, 1265 (Pa. 2000).

In this case, Officer Sperry testified that he stopped the vehicle in which Appellant was a passenger for having a tinted license plate cover. N.T., 6/4/14, at 8. Upon approaching the vehicle, Officer Sperry detected "a strong odor of marijuana emanating from the vehicle." **Id.** Officer Sperry observed Appellant stick his hand in his left coat pocket three times, despite being commanded not to do so. **Id.** at 8-9. Upon ordering Appellant out of the vehicle and conducting a frisk, Officer Sperry "[felt] an object that [he] believe[d] … was consistent with narcotics packaging." **Id.** at 9. The item was "larger than a tic-tac … and a M&M." **Id.** at 13-14. Officer Sperry testified that he had over seven years of experience on the police force, and had been involved with detecting narcotics packaging "anywhere [from] fifty

to sixty times." *Id.* at 11. Officer Sperry testified that he did not have to grab the contents of Appellant's pocket, he "was able to tell by the palm of [his] hand." *Id.* at 18.

Instantly, the trial court concluded that Appellant's suppression motion was properly denied for the following reasons.

> Here, the recovery of crack cocaine from Appellant was constitutionally sound. Officer Sperry did not physically manipulate the package of crack cocaine, but felt with an open palm what he instantly believed to be contraband. Even if he was not completely sure that the hard object was cocaine, the "immediately apparent" requirement does not demand that an officer have absolute certainty; rather he need only form an objectively reasonable belief in light of the facts and circumstances. Considering the totality of the circumstances and Officer Sperry's seven years of experience and knowledge that this type of baggie is commonly used for narcotics packaging, the incriminating nature of the item was immediately apparent to him. … [In t]he instant case … Officer Sperry did not feel only cardboard or other containers that would have required a second search, but felt the crack cocaine itself and was able to recognize its mass and contour. Therefore, Officer Sperry properly seized the contraband from Appellant when, bolstered by Appellant's furtive movements, lack of compliance with his directives, and the smell of drugs emanating from the car, he immediately recognized the object as narcotics.

Trial Court Opinion, 7/31/15, at 3-4.

After careful review of the certified record, we conclude Appellant is not entitled to relief. Appellant emphasizes that Officer Sperry used the phrase "narcotics packaging." Appellant's Brief at 14-15. We agree with

Appellant that had Officer Sperry only testified that he felt a sandwich baggie which in his experience usually contained narcotics, this would not satisfy the plain feel exception to the warrant requirement. *See Commonwealth v. Stevenson*, 744 A.2d 1261, 1266 (Pa. 2000) (stating, "the plain feel doctrine is not met when an officer conducting a *Terry* frisk merely feels and recognizes by touch an object that could be used to hold either legal or illegal substances, even when the officer has previously seen others use that object to carry or ingest drugs[]"); *Commonwealth v. Guillespie*, 745 A.2d 654, 658 (Pa. Super. 2000) (concluding that the plain feel exception did not apply where the officer only felt pill bottles in the defendant's pocket and did not immediately seize the item when felt); *Commonwealth v. Stackfield*, 651 A.2d 558, 562 (Pa. Super. 1994) (stating, "[a] zip-lock baggie is not per se contraband … [and s]ight unseen, the contents of the baggies that the officer felt in appellant's pants pockets could as easily have contained the remains of appellant's lunch as contraband[]").

However, we look at the totality of the circumstances, not just Officer Sperry's word choice in isolation. *See Commonwealth v. Griffin*, 116 A.3d 1139, 1143 (Pa. Super. 2015) (stating, "[a]n officer's subjective belief that an item is contraband is not sufficient unless it is objectively reasonable in light of the facts and circumstances that attended the frisk[]") (citation omitted). Here, Officer Sperry, who has experience in narcotics detection,

observed Appellant consistently make furtive movements, reaching into the pocket in question, despite being told not to, after Appellant was ordered to step out of a vehicle, from which, Officer Sperry smelled a strong odor of marijuana. N.T., 6/4/14, at 8-9. Further, Officer Sperry did more than just use the term "narcotics packaging," he described the contours of the object as "larger than a tic-tac … and a M&M." *Id.* at 13-14. In our view, when combined with Officer Sperry's feeling of the object's contour, this made his belief "objectively reasonable," so as to satisfy the immediate apparent requirement of the plain feel exception. *Griffin*, *supra*.

Appellant cites to several plain feel doctrine cases, none of which alter our conclusion here. In *Commonwealth v. Mesa*, 683 A.2d 643 (Pa. Super. 1996), we concluded an officer exceeded the scope of the plain feel doctrine because the officer "stated that he made no observations of the bulge until he reached into appellant's pocket and pulled out what was in there." *Id.* at 648 (internal quotation marks and brackets omitted). In *In the Interest of S.D.*, 633 A.2d 172 (Pa. Super. 1993), we held that an officer exceeded the scope of his pat-down when he reached into the juvenile's pockets after a pat-down and retrieved cocaine vials. *Id.* at 176. We concluded that the officer "was told that the suspects were carrying weapons and drugs, he never indicated what it was he perceived he had felt." *Id.* In *Commonwealth v. Thompson*, 939 A.2d 371 (Pa. Super. 2007), we held that an officer's affidavit that he "felt and removed a digital

- 9 -

scale, commonly used by actors engaged in the unlawful dealing of controlled substances, and felt and removed a large sum of U.S. Currency[]" was insufficient because the Commonwealth produced "no evidence whatsoever of the size, shape, or hardness of the objects removed." *Id.* at 377-378.  Finally, in **Commonwealth v. E.M.**, 735 A.2d 654 (Pa. 1999), our Supreme Court concluded that officers did not comply with the plain feel doctrine where they "offered no testimony indicating what it was about the mass or contour of this soft bulge which would support a finding that the feeling of the bulge made it immediately apparent to him that the bulge was contraband." *Id.* at 663.  As we have explained above, in this case the record contains testimony concerning the mass felt by Officer Sperry, and when combined with the other circumstances we have enumerated, this satisfied the plain feel doctrine.  Therefore, in light of all of these considerations, Appellant's Fourth Amendment rights were not violated by the scope of Officer Sperry's frisk. **See Williams**, **supra**.

Based on the foregoing, we conclude the trial court correctly denied Appellant's petition for a writ of *certiorari*. **See Scarborough**, **supra**. Accordingly, the trial court's December 16, 2014 order is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/6/2016</u>