J-S50029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JERRY MAHLEN BREESE | |
| Appellant | No. 2083 MDA 2015 |

Appeal from the Judgment of Sentence entered November 5, 2015
In the Court of Common Pleas of Bradford County
Criminal Division at No: CP-08-CR-0000607-2014

BEFORE:  MUNDY, STABILE, and FITZGERALD,[*] JJ.:

MEMORANDUM BY STABILE, J.:                    **FILED JULY 22, 2016**

Appellant, Jerry Mahlen Breese, appeals from the November 5, 2015 judgment of sentence imposing six months and fifteen days to twenty-three months and twenty-nine days of incarceration for possession of a controlled substance and possession of drug paraphernalia.[1]  We vacate and remand.

The trial court summarized the pertinent facts in its Pa.R.A.P. 1925(a) opinion:

> On or about July 1, 2014, the Bradford County Drug Task Force conducted a search on 33 East Tioga Street, Canton, Bradford County, Pennsylvania pursuant to a search warrant. Canton Borough Police Officer, Sgt. [Trey] Kurtz, was requested to assist and detain.  Upon entering the home, [Appellant] was

_____

[*] Former Justice specially assigned to the Superior Court.

[1]  35 P.S. § 780-113(a)(16), (30).

in the kitchen area slicing a tomato. Sgt. Kurtz detained [Appellant] and conducted a pat down for weapons for officer safety. Sgt. Kurtz felt a flat plastic container, similar to a game cartridge container, in [Appellant's] front right pocket. He asked [Appellant] what it was and [Appellant] responded a Tylenol container. Sgt. Kurtz seized the container and placed it on the table. Sgt. Kurtz and his colleagues determined that it was not Tylenol in the container; rather it was Percocet, a controlled substance. [Appellant] was released after the search of the residence was complete. Although provided the opportunity, [Appellant] did not produce a valid prescription for the Percocet to the police. He was thereafter arrested.

Trial Court Opinion, 3/30/2016, at 1-2.

The Commonwealth filed a criminal complaint against Appellant on July 28, 2014. On October 28, 2014, Appellant filed a pretrial motion to suppress evidence. Appellant challenged the validity of the pat-down search that revealed the controlled substance. The trial court conducted a hearing on December 8, 2014 and denied Appellant's motion at the conclusion of the hearing. The only issue before us is whether the trial court erred in denying Appellant's motion to suppress evidence.

We conduct our review according to the following strictures:

Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where, as here, the appeal of the determination of the suppression court turns on allegations of legal error, the

- 2 -

suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

*Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa. 2010) (internal citations and quotation marks omitted). We limit our review to the evidence produced at the suppression hearing. *In re L.J.*, 79 A.3d 1073 (Pa. 2013). The Commonwealth bears the burden of producing evidence and establishing that it did not violate the defendant's rights in gathering evidence. Pa.R.Crim.P. 581(H).

Appellant argues Sergeant Kurtz violated Appellant's rights under the Fourth Amendment to the United States Constitution and Article I, § 8 of the Pennsylvania Constitution in patting down Appellant and in seizing the plastic container from Appellant's pocket. Appellant argues the pat down was unlawful because Sergeant Kurtz did not believe Appellant was armed and dangerous. Appellant also argues that Sergeant Kurtz' seizure of the plastic container was unlawful because it was not immediately apparent to Sergeant Kurtz that the item was unlawful.

Police officers executing a warrant to search a place are permitted to detain any persons present during execution of the warrant. *Commonwealth v. Stackfield*, 651 A.2d 558, 560 (Pa. Super. 1994); *Commonwealth v. Hoffman*, 589 A.2d 737, 741 (Pa. Super. 1991). "It is well settled that the police may properly detain persons found on the

premises during execution of a search warrant, in order to minimize the possibility of harm to officers and prevent concealment or destruction of evidence." **Stackfield,** 651 A.2d at 560. Further, "a police officer has a narrowly drawn authority to conduct a reasonable search for weapons, or a protective pat-down, where […] the officer reasonably believes that criminal activity is afoot, […] and that the suspect may be armed and dangerous." **Id.**; **see also**, **Hoffman**, 589 A.2d at 742 (noting that police officers may conduct a pat down of individuals present at the execution of a lawful search warrant if they "reasonably believe the person has a weapon in his possession").

If, during a lawful patdown search for weapons, an officer feels a concealed object whose criminal nature is immediately apparent, the officer may seize that object pursuant to the plain feel doctrine. **Commonwealth v. Zahir**, 751 A.2d 1153 (Pa. 1999).

> This Court has treated the phrase 'immediately apparent' as essentially coextensive with probable cause, an inquiry which takes into account the totality of the circumstances surrounding the frisk, including, *inter alia,* the nature of the object, its location, the conduct of the suspect, the officer's experience, and the reason for the stop. Moreover, an officer's subjective belief that an item is contraband is not sufficient unless it is objectively reasonable in light of the facts and circumstances that attended the frisk.

**Id.** at 1163 (citations omitted). In addition, "[i]mmediately apparent means that the officer readily perceives, without further exploration or searching, that what he is feeling is contraband. **Commonwealth v. Pakacki**, 901

- 4 -

A.2d 983, 989 (Pa. 2006) (quoting *Commonwealth v. Stevenson*, 744 A.2d 1261, 1265 (Pa. 2000)).

At the suppression hearing, Sergeant Kurtz testified that he did not know Appellant prior to encountering him at the searched premises. N.T Hearing, 12/8/14, at 4. Appellant was not the owner or a resident of the searched premises. *Id.* at 6. Appellant was among eight or ten persons who were detained and handcuffed during the search. *Id.* at 3-5. Police had a search warrant for the premises, and for the arrest of four individuals, but Appellant was not one of the individuals to be arrested. *Id.* at 5. Sergeant Kurtz had no information on Appellant prior to encountering him during the search. *Id.* at 6. Sergeant Kurtz testified he did not believe Appellant was armed and dangerous, nor did he offer any evidence that he immediately believed the seized object to be contraband, as evidenced in this exchange between Sergeant Kurtz and defense counsel:

Q. Did you notice anything, despite viewing [Appellant], on his person that would have led you to believe he was armed and dangerous?

A. Not from looking at him, no.

Q. And when you conducted the patdown of [Appellant], what exactly did you feel?

A. What I recognized as just a plastic, a square plastic container.

Q. Obviously, did you know whether it was plastic before you held it in your hand?

A. I think I pushed on it a little bit, I did kinda feel like it was plastic. I'm not sure if – if your Honor is familiar, like a

- 5 -

Game Boy, they're called DS, I think it's like a case for one of the like a little game cartridge, it's like an inch by a half inch, just a little plastic flip open used to store games for Nintendo.

Q.    So it's like a flat square plastic container?

A.    Yes, yes.

Q.    That you felt?

A.    Yes, sir.

Q.    And when you felt it, did you take it out of [Appellant's] pocket yourself?

A.    Yes, after he told me it was a Tylenor, yes.

Q.    And before you took it out, you didn't know what it was, is that correct?

A.    Correct.

Q.    In fact, you didn't know what it was when you took it out, isn't that correct?

A.    It's just a plastic container, correct.

Q.    And you opened the container?

A.    Once I – once I pulled it out and viewed it, yes.

Q.    And you didn't find out what it was until other officers searched on the internet, is that correct?  Is that when you confirmed what it was?

A.    Correct.

Q.    So you didn't know it was illegal until you actually took it out of his pocket, searched the internet, and found out what it was?

A.    Correct.

*Id.* at 9-10.

In summary, Sergeant Kurtz testified that he had no reason to believe Appellant was armed and dangerous, and he testified that he felt what he believed was a plastic container in Appellant's pocket. Sergeant Kurtz did not testify that he believed, prior to seizing the plastic container, that it was contraband. The object's criminality became apparent only on further investigation. For these reasons, we conclude the Commonwealth failed to carry its burden of producing evidence that it did not violate Appellant's constitutional rights. Based on the evidence the Commonwealth produced at the suppression hearing, the trial court erred in denying Appellant's motion to suppress evidence. We therefore vacate the judgment of sentence and remand for further proceedings consistent with this memorandum.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/2016