J-A14004-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                  :          PENNSYLVANIA
                                  :
            v.                       :
                                  :
                                  :
BRETT RAMON WELLS          :
                                  :
          Appellant            :    No. 708 WDA 2019

Appeal from the Judgment of Sentence Entered April 8, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0008186-2018

BEFORE: SHOGAN, J., McLAUGHLIN, J., and MUSMANNO, J.

DISSENTING STATEMENT BY MUSMANNO, J.:    FILED OCTOBER 23, 2020

Although the Majority correctly describes the "plain feel" doctrine, I respectfully disagree as to its application in the instant case.

Nonthreatening contraband may be seized if it is discovered in compliance with the plain feel doctrine. Commonwealth v. Thompson, 939 A.2d 371, 376 (Pa. Super. 2007).

> [The United States Supreme Court in Minnesota v. Dickerson, 508 U.S. 366 (1993),] held that a police officer may seize nonthreatening contraband detected through the officer's sense of touch during a Terry[1] frisk if the officer is lawfully in a position to detect the presence of contraband, the incriminating nature of the contraband is immediately apparent from its tactile impression[,] and the officer has a lawful right of access to the object. As Dickerson makes clear, the plain feel doctrine is only applicable where the officer conducting the frisk feels an object whose mass or contour makes its criminal character immediately apparent. Immediately apparent means that the

_____

[1] See Terry v. Ohio, 392 U.S. 1 (1968).

officer readily perceives, without further exploration or searching, that what he is feeling is contraband. If, after feeling the object, the officer lacks probable cause to believe that the object is contraband without conducting some further search, the immediately apparent requirement has not been met and the plain feel doctrine cannot justify the seizure of the object.

Commonwealth v. Stevenson, 744 A.2d 1261, 1265 (Pa. 2000) (footnote and emphasis added, most citations omitted). Importantly, "[a] zip-lock baggie is not per se contraband, although material contained in a zip-lock baggie may well be[.]" Commonwealth v. Stackfield, 651 A.2d 558, 562 (Pa. Super. 1994).

At the suppression hearing, McKeesport Police Officer James Gross ("Officer Gross") testified regarding his training and experience conducting narcotics interdiction. See N.T., 2/26/19, at 4-5. Officer Gross described his discovery of the narcotics on Wells, during a pat-down search for weapons, as follows:

Q. [The Commonwealth:] And did you conduct a pat down for weapons ... ?

A. [Officer Gross:] Yes.

Q. Did you locate any weapons on [Wells]?

A. No.

Q. Did you notice anything during the pat down, however?

A. Yes.

Q. What was that?

A. A package of narcotics in his right watch pocket of his pants.

Q.  Was that during the pat down for weapons?

A.  Yes.

Q.  Was that while the pat down was going on?

A.  Yes.

Q.  Could you describe for the [c]ourt how it was that you came to notice that?

A.  I felt his right watch pocket and immediately felt packaged heroin, two bundles of heroin wrapped with rubber bands.

Q.  And –

A.  Approximately 21 bags.

Q.  As you were - -

A.  Two separate quantities in one pocket.

Q.  As you were doing this pat down, officer, was it immediately apparent to you that this was some kind of contraband?

A.  Yes, from my training and experience, yes.

Q.  Did you have to do any further squeezing or prodding of the item?

A.  No.  I immediately detained him.

Q.  Did you retrieve the item out of his pocket?

A.  Yes, after he was handcuffed and detained, I removed it.

Q.  And you were able to identify the item that you did feel?

A.  Yes, it was, as I said, 21, glassine stamp bags of heroin in two separate quantities, one of ten and one of eleven, and they both had rubber bands around the bundles.

Id. at 11-12.

On cross-examination, Officer Gross confirmed that Wells was wearing denim at the time of the pat-down search. Id. at 30. Officer Gross further confirmed that the contraband was located in Wells's watch pocket, and thus inside of the regular front pocket of Wells's pants. Id. at 33. Officer Gross explained that he felt "[t]wo individual glassine bundles of heroin wrapped in rubber bands." Id. at 32. Officer Gross stated, "I felt what I determined to be a rubber band and packaged heroin two times in his pocket. They were on top of each other." Id. However, as to the basis for his conclusion that the bags contained heroin, Officer Gross stated only that, "[w]hen you make enough heroin-related arrests, you know what it feels like." Id.

The "immediately apparent" standard is not met merely by feeling packaging material for drugs or zip-lock baggies in the defendant's pocket during a frisk. Commonwealth v. Stackfield, 651 A.2d 558, 562 (Pa. Super. 1994). Here, Officer Gross provided no basis for his belief that the mass and contour of the bundles made it immediately apparent that they contained heroin.[2] See Commonwealth v. Wilson, 927 A.2d 279, 287 (Pa. Super. 2007) (recognizing that the plain feel doctrine exists as an exception to allow for the seizure of "non-threatening contraband" when the officer feels an object "whose mass or contour makes its criminal character immediately

_____

[2] Further, Officer Gross testified that there were two separate bundles of heroin, on top of each other, and each held together with a rubber band. It strains credulity that Officer Gross was able to discern the contents of the glassine bags within the bundles.

apparent."). But see Commonwealth v. Parker, 957 A.2d 311, 316 (Pa. Super. 2008) (upholding the application of the plain feel doctrine where an officer conducting the pat-down search felt two plastic bags in the defendant's cargo pocket, with some "hard, rigid objects," which he believed were crack cocaine, based on his training and experience). Sight unseen, the contents of the baggies felt in Wells's pants pocket could as easily have contained non-contraband. Thus, the evidence does not support a finding that the criminal nature of the contents of the bundles in Wells's pocket was "immediately apparent." See Stevenson, 744 A.2d at 1265. On this basis, I would reverse the denial of Wells's suppression Motion.